IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHARLES CARTER AND ROBERT LUMPKIN,** on behalf of themselves, and all other plaintiffs similarly situated, known and unknown, <br><br> v. <br><br> **WE PUSH FOR PEACE, AND TREHERN POLLARD, INDIVIDUALLY** <br><br> Defendants. | **No.** 1:23-cv- <br><br> **Hon.** <br> District Judge <br><br> Hon. <br> Magistrate Judge <br><br> *JURY DEMAND* |

**COMPLAINT**

NOW COME Plaintiffs, **CHARLES CARTER AND ROBERT LUMPKIN,** ("Plaintiffs"), by and through their attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for their Complaint against Defendants, **WE PUSH FOR PEACE, AND TREHERN POLLARD, INDIVIDUALLY,** (each a "Defendant", collectively the "Defendants" or "WPFP"), state as follows:

**I.   NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago.

**II.   JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental state statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the

employment relationship, Plaintiffs performed work in this district and are residents of this district and Defendants are or were engaged in business in this district.

3. Jurisdiction also arises through diversity of citizenship pursuant to 28 U.S.C. §1332(a). The citizenship of the Parties is completely diverse. Plaintiffs are each a citizen of Illinois, as are all of the putative Class members asserted to be entitled to Notice of the action. The Defendants, including both the corporation and individual, are domiciled in Minnesota, and are citizens thereof for purposes of diversity jurisdiction. Defendant We Push For Peace is incorporated in Minnesota, transacted business in Minnesota, and maintains its headquarters and principal place of business in Minnesota. All Parties are citizens of, domiciled and otherwise live in different states.

4. Additionally, the amount of money in controversy exceeds $75,000, exclusive of interest and costs.

**III. THE PARTIES**

5. Defendant, **WE PUSH FOR PEACE** ("WPFP") presents itself as a non-profit organization promoting community engagement (see https://www.wepushforpeace.org) WPFP is headquartered at 2909 Hennepin Av., Suite 300, Minneapolis, Minnesota.

6. WPFP is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

7. During all relevant times, WPFP was acting directly or indirectly in the interest of the employer in relation to Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

8. Defendant, **TREHERN POLLARD** ("Pollard"), is the owner of WPFP. Further, Trehern Pollard was and is the day-to-day manager and primary decision maker of WPFP.

9. In his capacity as the owner and operator of WPFP, Pollard was/is vested with the authority to implement and carry out the wage and hour practices of WPFP. Plaintiffs were directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Pollard, who in turn responded to those communications with the authority described above.

10. Thus, at all times relevant hereto, Pollard was acting directly or indirectly in the interest of the employer in relation to the employee/worker Plaintiffs and therefore as defined under both the federal, state and municipal laws relied upon herein, is and was Plaintiffs "employer".

11. WPFP contracted with Whole Foods in the states of Minnesota, Wisconsin, Illinois and Michigan to provide its employees as "greeters" at certain Whole Foods store locations.

12. Plaintiff, **CHARLES CARTER** (hereinafter referred to as "Plaintiff" or "Carter") is a former employee of Defendants who worked for Defendants as a "greeter" from approximately December 2021 to March 2023. During that time, Plaintiff Carter duties also included light security duties and at times addressing security matters such as theft or other confrontation that arose in the stores.

13. During Plaintiff Carter's employment with Defendants, Plaintiff worked for Defendants at various Chicago Whole Foods locations including Canal Street and Roosevelt Blvd., the Edgewater neighborhood, the Wrigleyville neighborhood, West Loop

Halsted/Madison, and Grand Av. locations from approximately December 2021 to March 2023.

14. Plaintiff Carter worked more than 40 hours per week in certain work weeks and did not receive any additional compensation for such hours, including overtime premiums for overtime eligible hours worked over 40 individual work weeks.

15. During Plaintiff Carter's entire employment, Defendants improperly classified Plaintiff as a 1099 independent contractor and compensated Plaintiff on an hourly basis at $15.00 per hour and failed and refused to pay Plaintiff at a rate of one and one-half times for hours worked in excess of 40 hours per work week.

16. Plaintiff, **ROBERT LUMPKIN** (hereinafter referred to as "Plaintiff" or "Lumpkin") is a former employee of Defendants who worked as a "greeter" from approximately July 2021 to January 2023. During that time, Plaintiff Lumpkin's duties also included light security duties and at times addressing security matters such as theft or other confrontation that arose in the stores.

17. During Plaintiff Lumpkin's employment with Defendants, Plaintiff worked for Defendants at various Chicago Whole Foods locations including 63rd and Halsted, Canal Street and Roosevelt Blvd., and Chicago Av. locations from approximately July 2021 to February 2023.

18. During Plaintiff Lumpkin's entire employment, Defendants improperly classified Plaintiffs as a 1099 independent contractor and compensated Plaintiff on an hourly basis at $15.00 per hour and failed and refused to pay Plaintiff at a rate of one and one-half times for hours worked in excess of 40 hours per work week.

4

19. Plaintiff Lumpkin worked more than 40 hours per week in certain work weeks and did not receive any additional compensation for such hours, including overtime premiums for overtime eligible hours worked over 40 individual work weeks.

20. During Plaintiffs' employments, they were scheduled to work 35 – 42 hours per week. During certain work weeks, due to late shift arrivals and call-offs by other 'greeters', Plaintiffs would work more than the scheduled shift hours.

21. However, because Defendants did not have a clock in/clock out option/policy for Plaintiffs and the Plaintiff Class, the additional hours worked by Plaintiffs and the Plaintiff class, were not compensated at all. Defendants only paid Plaintiffs and the Plaintiff Class based on their 'work schedule' as established by Defendants.

22. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present "greeters" who work or worked for Defendants and were also a) improperly classified as 1099 independent contractors, and/or b) denied overtime wages resulting from Defendants' noncompliant and illegal compensation plan.

23. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

**IV.    STATUTORY VIOLATIONS**

**Fair Labor Standards Act**

24. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation

of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

25. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid minimum and overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Chicago Minimum Wage Ordinance**

26. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiffs to recover unpaid overtime and minimum wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

**V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

27. Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

28. Plaintiffs, on a regular basis within the dates of employment referenced above, worked without pay at the required minimum wage rate(s) imposed by federal, state law, and municipal law and worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for hours worked over 40 pursuant to the requirements of the federal and state statutes relied upon herein.

29. Plaintiffs worked for Defendants at various Whole Foods locations in Chicago, Illinois as greeters while employed by Defendants.

30. When either of the Plaintiffs' worked in excess of forty (40) hours per week, Defendants failed to pay Plaintiffs any compensation for the additional work hours at the proper minimum wage or overtime wage of one and one-half his regular rate of pay in workweeks they exceeded 40 hours of work.

31. Throughout their time working for Defendants, Plaintiff Carter and Plaintiff Plumkin:

    a) worked only for Defendants and did so on an open-ended and permanent basis;

    b) did not make a substantial investment in the business, facilities or equipment;

    c) did not hold themselves out to the community as a professional for hire in a particular trade or industry;

    d) had no opportunity for profit or loss based on the quality of their work;

    e) did not control the nature of their work or work schedule or how their work was to be performed;

    f) did not engage in open market competition with other contractors in the same or similar trade or industry, or;

    g) operate an independent business organization or operation.

32. As such, Defendants' classification of Plaintiffs, and other member of the Plaintiff class, as independent contractors was illegal and improper. Plaintiffs and similarly

situated workers should have been classified as W2 employees entitled to overtime and other benefits of full-fledged employment.

33. During all relevant times, Defendants classified all workers assigned to all projects (similar or the same as Plaintiffs' work at Whole Foods) as independent contractors and failed and refused to pay all such individuals overtime compensation.

34. The total number of hours worked by Plaintiffs and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially within the control and possession of Defendants, in that Defendants have recorded, or should have recorded, such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff Class will be capable of providing reasonable estimates of that time, as permitted by law.

35. The claims brought herein by the named Plaintiffs are based upon non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-35. Paragraphs 1 through 35 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 35 of this Count I.

36. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, during the two (2) years preceding the filing of this action, are entitled to compensation for all hours worked at a rate not less than the mandated minimum wage and, for all hours worked in excess of forty (40) hours per workweek, one and one-half times the required minimum wage in any week.

37. Defendants have, during certain times relevant hereto, failed and refused to pay compensation to their employees including the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid minimum wage and overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid minimum wages and overtime compensation;

(c) Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-37. Paragraphs 1 through 37 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 37 of Count II.

38. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were

in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to wages under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

39. Pursuant to the Fair Labor Standards Act, Plaintiffs and all others similarly situated, past or present, are entitled to compensation at a rate not less than the minimum wage and one and one-half times the minimum wage for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid minimum and overtime compensation;

(c) Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-39. Paragraphs 1 through 39 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 39 of Count III.

40. In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom,

Defendants possessed ample access to the regulations and statutory provisions relating to wages under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

41. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-41. Paragraphs 1 through 41 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 41 of this Count IV.

42. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

43. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of minimum and overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid minimum and overtime wages treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

44. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

45. Plaintiffs seek certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-45. Paragraphs 1 through 45 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 45 of this Count V.

46. Plaintiffs were each an "employee" under the CMWO§ § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

47. Defendants were each an "employer" as defined in the CMWO§ 6-105-010.

48. Under § 6-105-020, Plaintiffs and members of the Plaintiff Class were to be paid no less than the greater of: (1) the minimum hourly Wage set by the Minimum Wage Law;

(2) the minimum hourly Wage set by the Fair Labor Standards Act; or (3) the City's minimum hourly Wage.

49. Under § 6-105-040, for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

50. Defendants' failure and refusal to pay proper minimum wage or any wages for hours worked in excess of 40 per week were violations of the minimum wage and maximum hour provisions of the § 6-105-010.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) Judgment in the amount of unpaid minimum wages found due at the rate required by the CMWO for all hours worked within the City of Chicago;

(b) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

(c) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(d) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(e) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 6/29/23*

/s/ John W. Billhorn
_____
John W. Billhorn

13

John W. Billhorn
Samuel D. Engelson
Attorney for Plaintiff, and all other
Plaintiffs similarly situated, known or
unknown.

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450