IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| CHARLES CARTER AND ROBERT LUMPKIN, on behalf of themselves, and all other plaintiffs similarly situated, known and unknown, | No. 1:23-cv-04201 |
| Plaintiffs, | |
| v. | Hon. John Robert Blakey<br>District Judge |
| WE PUSH FOR PEACE and TRAHERN POLLARD, individually | Hon. M. David Weisman<br>Magistrate Judge |
| Defendants. | |

### DEFENDANT TRAHERN POLLARD'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, TRAHERN POLLARD, by and through his attorneys, KELLEHER + HOLLAND, LLC, and for his Answer to the Complaint and Affirmative Defenses, states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago.

**ANSWER:** Admit.

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental state statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are residents of this district and Defendants are or were engaged in business in this district.

**ANSWER:** Admit.

3. Jurisdiction also arises through diversity of citizenship pursuant to 28 U.S.C.§1332(a). The citizenship of the Parties is completely diverse. Plaintiffs are each a citizen of Illinois, as are all of the putative Class members asserted to be entitled to Notice of the action. The Defendants, including both the corporation and individual, are domiciled in Minnesota, and are citizens thereof for purposes of diversity jurisdiction. Defendant We Push For Peace is incorporated in Minnesota, transacted business in Minnesota, and maintains its headquarters and principal place of business in Minnesota. All Parties are citizens of, domiciled and otherwise live in different states.

**ANSWER:** Deny.

4. Additionally, the amount of money in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:** Deny.

### III. THE PARTIES

5. Defendant, **WE PUSH FOR PEACE** ("WPFP") presents itself as a non-profit organization promoting community engagement (see https://www.wepushforpeace.org) WPFP is headquartered at 2909 Hennepin Av., Suite 300, Minneapolis, Minnesota.

**ANSWER:** Admit.

6. WPFP is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

**ANSWER:** Admit.

7. During all relevant times, WPFP was acting directly or indirectly in the interest of the employer in relation to Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

**ANSWER:** Deny.

8. Defendant, **TRAHERN POLLARD** ("Pollard"), is the owner of WPFP. Further, TRAHERN Pollard was and is the day-to-day manager and primary decision maker of WPFP.

**ANSWER:** Admit.

9. In his capacity as the owner and operator of WPFP, Pollard was/is vested with the authority to implement and carry out the wage and hour practices of WPFP. Plaintiffs were directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Pollard, who in turn responded to those communications with the authority described above.

**ANSWER:** Admit.

10. Thus, at all times relevant hereto, Pollard was acting directly or indirectly in the interest of the employer in relation to the employee/worker Plaintiffs and therefore as defined under both the federal, state and municipal laws relied upon herein, is and was Plaintiffs "employer".

**ANSWER:** Deny.

11. WPFP contracted with Whole Foods in the states of Minnesota, Wisconsin, Illinois and Michigan to provide its employees as "greeters" at certain Whole Foods store locations.

**ANSWER:** Defendant admits WPFP contract with Whole Foods to provide greeters as alleged, but deny it provided employees.

12. Plaintiff, **CHARLES CARTER** (hereinafter referred to as "Plaintiff" or "Carter") is a former employee of Defendants who worked for Defendants as a "greeter" from approximately December 2021 to March 2023. During that time, Plaintiff Carter duties also included light security duties and at times addressing security matters such as theft or other confrontation that arose in the stores.

**ANSWER:** Deny Carter was an employee but admit the remaining allegations of this paragraph.

3

13. During Plaintiff Carter's employment with Defendants, Plaintiff worked for Defendants at various Chicago Whole Foods locations including Canal Street and Roosevelt Blvd., the Edgewater neighborhood, the Wrigleyville neighborhood, West Loop Halsted/Madison, and Grand Av. locations from approximately December 2021 to March 2023.

**ANSWER:** Deny Carter was an employee but admit the remaining allegations of this paragraph.

14. Plaintiff Carter worked more than 40 hours per week in certain work weeks and did not receive any additional compensation for such hours, including overtime premiums for overtime eligible hours worked over 40 individual work weeks.

**ANSWER:** Deny.

15. During Plaintiff Carter's entire employment, Defendants improperly classified Plaintiff as a 1099 independent contractor and compensated Plaintiff on an hourly basis at $15.00 per hour and failed and refused to pay Plaintiff at a rate of one and one-half times for hours worked in excess of 40 hours per work week.

**ANSWER:** Admit Defendants classified Plaintiff as a 1099 independent contractor but deny the remaining allegations of this paragraph.

16. Plaintiff, **ROBERT LUMPKIN** (hereinafter referred to as "Plaintiff" or "Lumpkin") is a former employee of Defendants who worked as a "greeter" from approximately July 2021 to January 2023. During that time, Plaintiff Lumpkin's duties also included light security duties and at times addressing security matters such as theft or other confrontation that arose in the stores.

**ANSWER:** Deny Lumpkin was an employee but admit the remaining allegations of this paragraph.

17. During Plaintiff Lumpkin's employment with Defendants, Plaintiff worked for Defendants at various Chicago Whole Foods locations including 63rd and Halsted, Canal Street and Roosevelt Blvd., and Chicago Av. locations from approximately July 2021 to February 2023.

4

**ANSWER:** Deny Lumpkin was an employee but admit the remaining allegations of this paragraph.

18. During Plaintiff Lumpkin's entire employment, Defendants improperly classified Plaintiffs as a 1099 independent contractor and compensated Plaintiff on an hourly basis at $15.00 per hour and failed and refused to pay Plaintiff at a rate of one and one-half times for hours worked in excess of 40 hours per work week.

**ANSWER:** Admit Defendants classified Plaintiff as a 1099 independent contractor but deny the remaining allegations of this paragraph.

19. Plaintiff Lumpkin worked more than 40 hours per week in certain work weeks and did not receive any additional compensation for such hours, including overtime premiums for overtime eligible hours worked over 40 individual work weeks.

**ANSWER:** Deny.

20. During Plaintiffs' employments, they were scheduled to work 35 – 42 hours per week. During certain work weeks, due to late shift arrivals and call-offs by other 'greeters', Plaintiffs would work more than the scheduled shift hours.

**ANSWER:** Deny Plaintiffs were employed and that they were scheduled to work 35-42 hours per week but admit the remaining allegations of this paragraph.

21. However, because Defendants did not have a clock in/clock out option/policy for Plaintiffs and the Plaintiff Class, the additional hours worked by Plaintiffs and the Plaintiff class, were not compensated at all. Defendants only paid Plaintiffs and the Plaintiff Class based on their 'work schedule' as established by Defendants.

**ANSWER:** Defendant admits they did not have a clock in/clock out option/policy for Plaintiffs but deny the remaining allegations of this paragraph.

22. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present "greeters" who work or worked for Defendants and were also a) improperly classified as 1099 independent contractors, and/or b) denied overtime wages resulting from Defendants' noncompliant and illegal compensation plan.

**ANSWER:** Admit all greeters were 1099 independent contractors but deny the remaining allegations of this paragraph.

23. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

**ANSWER:** Deny.

## IV. STATUTORY VIOLATIONS

### Fair Labor Standards Act

24. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**ANSWER:** Admit Plaintiffs bring said causes of action and deny all other allegations and inferences drawn therefrom.

### Illinois Minimum Wage Law

25. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid minimum and overtime wages earned on or

before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**ANSWER:** Deny.

### Chicago Minimum Wage Ordinance

26. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiffs to recover unpaid overtime and minimum wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

**ANSWER:** Deny.

**V.    FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

27. Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

**ANSWER:** Deny.

28. Plaintiffs, on a regular basis within the dates of employment referenced above, worked without pay at the required minimum wage rate(s) imposed by federal, state law, and municipal law and worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for hours worked over 40 pursuant to the requirements of the federal and state statutes relied upon herein.

**ANSWER:** Deny.

29. Plaintiffs worked for Defendants at various Whole Foods locations in Chicago,

Illinois as greeters while employed by Defendants.

**ANSWER:** Admit Plaintiffs worked for Defendants at various Whole Foods locations in Chicago, Illinois as greeters but deny they were employed by Defendants.

30. When either of the Plaintiffs' worked in excess of forty (40) hours per week, Defendants failed to pay Plaintiffs any compensation for the additional work hours at the proper minimum wage or overtime wage of one and one-half his regular rate of pay in workweeks they exceeded 40 hours of work.

**ANSWER:** Deny.

31. Throughout their time working for Defendants, Plaintiff Carter and Plaintiff Plumkin:

    a) worked only for Defendants and did so on an open-ended and permanent basis;
    b) did not make a substantial investment in the business, facilities or equipment;
    c) did not hold themselves out to the community as a professional for hire in a particular trade or industry;
    d) had no opportunity for profit or loss based on the quality of their work;
    e) did not control the nature of their work or work schedule or how their work was to be performed;
    f) did not engage in open market competition with other contractors in the same or similar trade or industry, or;
    g) operate an independent business organization or operation.

**ANSWER:**    a)    Deny.

    b)    Admit.

    c)    Defendant lacks sufficient information and knowledge to form a belief about the truth of this allegation and therefore deny same.

    d)    Admit.

    e)    Deny.

    f)    Deny.

    g)  Defendant lacks sufficient information and knowledge to form a belief about the truth of this allegation and therefore deny same.

  32.  As such, Defendants' classification of Plaintiffs, and other member of the Plaintiff class, as independent contractors was illegal and improper. Plaintiffs and similarly situated workers should have been classified as W2 employees entitled to overtime and other benefits of full-fledged employment.

**ANSWER:** Deny.

  33.  During all relevant times, Defendants classified all workers assigned to all projects (similar or the same as Plaintiffs' work at Whole Foods) as independent contractors and failed and refused to pay all such individuals overtime compensation.

**ANSWER:** Defendant admits greeters were 1099 independent contractors and thus did not pay the Plaintiffs overtime compensation.

  34.  The total number of hours worked by Plaintiffs and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially within the control and possession of Defendants, in that Defendants have recorded, or should have recorded, such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff Class will be capable of providing reasonable estimates of that time, as permitted by law.

**ANSWER:** Defendant admits they possess information regarding the hours worked and lack sufficient knowledge and information as to whether Plaintiffs are capable of providing reasonable estimates of time.

  35.  The claims brought herein by the named Plaintiffs are based upon non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of

other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

**ANSWER:** Deny.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT

1-35. Paragraphs 1 through 35 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 35 of this Count I.

**ANSWER:** Defendant realleges and incorporates the answers to paragraphs 1 through 35 as if same were fully stated herein.

36. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, during the two (2) years preceding the filing of this action, are entitled to compensation for all hours worked at a rate not less than the mandated minimum wage and, for all hours worked in excess of forty (40) hours per workweek, one and one-half times the required minimum wage in any week.

**ANSWER:** Deny.

37. Defendants have, during certain times relevant hereto, failed and refused to pay compensation to their employees including the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, as described above.

**ANSWER:** Deny.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-37. Paragraphs 1 through 37 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 37 of Count II.

**ANSWER:** Defendant realleges and incorporates the answers to paragraphs 1 through 37 as if same were fully stated herein.

38. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to wages under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

**ANSWER:** Deny.

39. Pursuant to the Fair Labor Standards Act, Plaintiffs and all others similarly situated, past or present, are entitled to compensation at a rate not less than the minimum wage and one and one-half times the minimum wage for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

**ANSWER:** Deny.

### COUNT III
### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-39. Paragraphs 1 through 39 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 39 of Count III.

**ANSWER:** Defendant realleges and incorporates the answers to paragraphs 1 through 39 as if same were fully stated herein.

40. In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to

the regulations and statutory provisions relating to wages under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

**ANSWER:** Deny.

41. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

**ANSWER:** Deny.

## COUNT IV
## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-41. Paragraphs 1 through 41 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 41 of this Count IV.

**ANSWER:** Defendant realleges and incorporates the answers to paragraphs 1 through 41 as if same were fully stated herein.

42. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

**ANSWER:** Deny.

43. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of minimum and overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid minimum and overtime wages treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

**ANSWER:** Deny.

44. Defendants' failure to pay compensation as described above, has been willful and/or

in bad faith.

**ANSWER:** Deny.

45. Plaintiffs seek certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

**ANSWER:** Deny.

**COUNT V**
**SUPPLEMENTAL MUNICIPAL CLAIM**
**VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE**

1-45. Paragraphs 1 through 45 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 45 of this Count V.

**ANSWER:** Defendant realleges and incorporates the answers to paragraphs 1 through 45 as if same were fully stated herein.

46. Plaintiffs were each an "employee" under the CMWO§ § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

**ANSWER:** Deny.

47. Defendants were each an "employer" as defined in the CMWO§ 6-105-010.

**ANSWER:** Deny.

48. Under § 6-105-020, Plaintiffs and members of the Plaintiff Class were to be paid no less than the greater of: (1) the minimum hourly Wage set by the Minimum Wage Law; (2) the minimum hourly Wage set by the Fair Labor Standards Act; or (3) the City's minimum hourly Wage.

**ANSWER:** Deny.

49. Under § 6-105-040, for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

**ANSWER:** Deny.

50. Defendants' failure and refusal to pay proper minimum wage or any wages for hours worked in excess of 40 per week were violations of the minimum wage and maximum hour provisions of the § 6-105-010.

**ANSWER:** Deny.

### AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving the foregoing, the Defendant assert the following affirmative and other defenses:

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims and the claims of any opt-in plaintiff(s) or putative class member(s) are barred to the extent they seek remedies beyond those provided for in the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Chicago Minimum Wage Ordinance ("CMWO") and/or other applicable law.

3. Plaintiffs' claims and the claims of any opt-in plaintiff(s) or putative class member(s) are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Chicago Minimum Wage Ordinance and/or other applicable law.

4. Plaintiffs' claims and the claims of any opt-in plaintiff(s) are barred, in whole or in part, by the applicable statute of limitations to the extent Plaintiff or any opt-in plaintiff(s) fails to timely file their individual consent forms with the Court.

5. Plaintiffs' claims and the claims of any opt-in plaintiff(s) or putative class member(s) fail to the extent they claim unpaid wages during any period of time they worked in a position exempt from the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Chicago Minimum Wage Ordinance and/or other applicable law.

6. Plaintiffs' claims and the claims of any opt-in plaintiff(s) or putative class member(s) are barred, in whole or in part, because portions of the time periods for which they are claiming entitlement to pay are *de minimis*.

7. Plaintiffs' claims and the claims of any opt-in plaintiff(s) or putative class member(s) are barred, in whole or in part, as to all hours during which they were engaged in activities that were preliminary or postliminary to their principal activities.

8. Plaintiffs' claims and the claims of any opt-in plaintiff(s) or putative class member(s) are barred, in whole or in part, because the time for which they seek compensation does not, in whole or in part, constitute compensable hours worked.

9. Plaintiffs' claims and the claims of any opt-in plaintiff(s) or putative class member(s) are barred, in whole or in part, because they failed to demand payment.

10. The Defendant acted in good faith and with reasonable grounds for believing that they were not in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Chicago Minimum Wage Ordinance and/or other applicable law.

11. No act or omission of the Defendant alleged to have violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Chicago Minimum Wage Ordinance and/or other applicable law was willful, knowing, or in reckless disregard of the provisions of the applicable law.

12. Plaintiffs' claims and the claims of any opt-in plaintiff(s) or putative class member(s) are barred, in whole or in part, by the doctrines of waiver, settlement, accord and satisfaction, set-off, and/or ratification.

13. Plaintiffs' claims and the claims of any opt-in plaintiff(s) or putative class member(s) are estopped to the extent the Defendant lacked actual or constructive knowledge of the hours they worked due to inaccurate or misleading information regarding hours worked provided by Plaintiffs or any opt-in plaintiff(s) or putative class member(s).

14. Plaintiffs' claims and the claims of any opt-in plaintiff(s) or putative class member(s) are barred, in whole or in part, based upon the equitable doctrine of unclean hands to the extent they violated the Defendant's policies, practices, and guidelines or knowingly worked in violation of direct orders of their supervisors.

15. Plaintiffs' attempt to pursue claims as a class and collective action fails because an independent and individual analysis of the claims of each Plaintiff and opt-in plaintiff, and each of the Defendant's defenses, is required.

16. Plaintiffs' claims and the claims of any opt-in plaintiff(s) or putative class member(s) are barred to the extent that any Defendant is not his/her employer under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Chicago Minimum Wage Ordinance and/or other applicable law.

17. Plaintiffs' attempt to pursue their claims as a class and collective action violates the Defendant's constitutional rights to a jury trial and due process because the Defendant has a due

process right to raise every defense applicable to Plaintiff, opt-in plaintiff(s), and putative class member(s) at every stage of trial.

18. Plaintiffs' claims and the claims of any opt-in plaintiff(s) or putative class member(s) are barred, in whole or in part, to the extent some or all of these individuals lack standing to seek some or all of the requested relief.

The Defendant reserves the right to assert and rely on such other defenses as may become available or apparent during the course of discovery and to amend its answer to assert such additional defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, and denied any and all unlawful conduct alleged by Plaintiff, the Defendant hereby requests that the Complaint be dismissed in its entirety with prejudice; that Plaintiff take nothing by way of the Complaint; that the Defendant be awarded his costs and attorneys' fees incurred herein as appropriate, and that the Defendant be awarded such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Ronald B. Kowalczyk

Ronald B. Kowalczyk (ARDC No: 6274373)
Kelleher + Holland, LLC
Attorneys for Defendants
102 S. Wynstone Park Drive
North Barrington, IL 60010
Telephone: (847) 382-9195
Email: rkowalczyk@kelleherholland.com